HAMILTON *et al.* v. STECK *et al.*

*(Supreme Court, General Term, First Department.   May 16, 1890.)*

ATTACHMENT—AFFIDAVIT—INFORMATION AND BELIEF.

An affidavit for an attachment which states that plaintiffs sold goods to defendants; that affiant, who was in charge of plaintiffs' office in New York, made the sale, and had been informed by plaintiffs that they dealt with defendants only through affiant as agent; and that plaintiffs are entitled to recover the sum sued for, over and above all counter-claims known to plaintiffs or affiant,—is not objectionable as being one on information and belief.   Affirming 5 N. Y. Supp. 831.

Appeal from special term, New York county.

Action by Ralph S. Hamilton and Ralph S. Hamilton, Jr., against Frederick D. Steck, William H. Payne, and another.   The motion of Robert B. Holden and Charles I. Gardiner, as junior lienors, to vacate an attachment obtained by Ralph S. Hamilton and another against the property of William H. Payne, on the ground of the insufficiency of the papers on which the warrant was granted, was denied, and the applicants appeal.   For report of decision at special term, see 5 N. Y. Supp. 831.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Franklin Bien,* for appellants.   *Charles H. Machin,* for respondents.

VAN BRUNT, P. J.   The affidavit upon which the attachment was granted seems to be sufficient.   The allegations therein set forth are not all upon information and belief.   The affidavit states the cause of action: That the plaintiffs sold and delivered goods to the defendants; that the affiant sold them; that he is in charge of the plaintiffs' office in New York, and manages their business there; that their principal place of business is Providence, R. I.; that he has been informed by them that they have had no dealings with the defendants except through the affiant as agent, and that the plaintiffs are entitled to recover the sum sued for, over and above all counter-claims known to the plaintiffs or to the affiant; and that the defendant Payne is a non-resident. We think this is sufficient.   The goods were sold by affiant.   He managed the plaintiffs' business in New York, and consequently is presumed to have the best knowledge as to the condition of the transactions between the plaintiffs and defendants.   There is an express allegation of sale and delivery of the goods, and we see no reason for disturbing the attachment.   The order appealed from should be affirmed, with $10 costs and disbursements.   All concur.